UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.   Case No. 8:89-CR-169-T-27MAP

FERNANDO NINO,

_____/

## ORDER

Before the Court is Defendant's Motion for Sentence Reduction Under Amendment 782 (Dkt. 533), the Government's opposition (Dkt. 536) and the U.S. Probation Memorandum (Dkt. 524). Upon consideration, Defendant's motion is DENIED.

Amendment 782

Amendment 782 to the United States Sentencing Guidelines ("USSG") retroactively reduced the base offense level for most federal drug offenses (*see* USSG App. C., amend. 782 (2014)). If Amendment 782 has the effect of lowering a defendant's applicable guidelines range, he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2). If not, he is ineligible for a sentence reduction.[1] *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir.2014); U.S.S.G. § 1B1.10(a)(2)(B).

---

[1] U.S. Probation concludes that Defendant is ineligible for a sentence reduction since he is accountable for more than 500 kilograms of cocaine and his base offense level under the amended Drug Quantity Table under Amendment 782 would be 38. The problem with that conclusion is that the sentencing court did not, either explicitly or implicitly, find Defendant accountable for more than 500 kilograms.

## Discussion

Defendant was convicted of conspiracy to possess with intent to distribute five or more kilograms of cocaine (Count One) and use of a communication facility to facilitate a conspiracy (Count Four). Based on a guidelines range of 235 to 293 months, he was sentenced to 235 months on each count, concurrent.

### Sentencing court's guidelines application

Defendant's PSR recommended a base offense level 36 (PSR at ¶ 73).[2] Defendant objected to the quantity of cocaine he was held accountable for (Dkt. 524 at p. 29-30). Rather than resolve the objections, the sentencing court adopted the factual statements in the PSR which were not objected to and made marginal notations of Defendant's objections in the PSR (Dkt. 525 at p. 34; Dkt. 524, ¶¶ 34,36,43,63).[3] The court determined Defendant's base offense level as 36, added 3 levels for aggravating role, and subtracted 2 levels for acceptance of responsibility, resulting in a total offense level of 37. With a criminal history category II, his guidelines range became 235 to 293 months (Dkt. 525, p. 34-35).

### Sentencing court's drug quantity findings

In determining whether a retroactive amendment to the guidelines lowers a defendant's

---

[2] According to the Drug Quantity Table in USSG § 2D1.1(a), the base offense level for 50 kilograms or more of cocaine was 36 (*Id.* at ¶ 73). The PSR actually recommended holding Defendant accountable for more than 500 kilograms of cocaine, based on attempts to supply 50 to 100 kilograms of cocaine weekly to the Chaldeans in Detroit from September 1988 to February 1989, based on trial testimony (PSR at ¶¶ 43, 54). Defendant objected to the various quantities discussed in the PSR, but did not object to the delivery of 155 kilograms to Detroit (*Id.* at ¶ 41; Dkt. 525 at p. 7 (126 kilograms)).

[3] That the sentencing court apparently found it unnecessary to resolve the factual dispute concerning the quantity of cocaine Defendant was being held accountable for is understandable, since the base offense level under the 1988 guidelines would have been 36, regardless. As the Government noted, "it really doesn't make a difference whether its 50 or 500 [kilograms] . . . it's 36 whether it's 50 or 500 (Dkt. 525 at p. 9).

guidelines range and entitles him to a sentence reduction under § 3582(c)(2), a district court "should determine what drug quantity findings were made, either explicitly or implicitly . . . at the original sentencing." *United States v. Hamilton*, 715 F.3d at 340.

At first glance, it would appear that the sentencing court made an implicit finding of at least 50 kilograms, since the 1988 Drug Quantity Table provided for a base offense level 36 for 50 kilograms or more of cocaine. An indeterminate drug finding is "not specific enough to support any conclusion about whether Amendment [782] lowered [Defendant's] base offense level . . ." *Id.* at 340. In that instance, the "court may make new findings of fact that are supported by the record and are not inconsistent with the findings made in the original sentencing proceedings." *Id.*, citing *United States v. Moore*, 582 F.3d 641, 646 (6th Cir. 2009).

Notwithstanding, additional findings are unnecessary. A close examination of the record demonstrates that the sentencing court expressly adopted the factual statements in the PSR to which Defendant did not object (Dkt. 525 at p. 34-35). The uncontroverted factual statements in the PSR therefore became the sentencing court's findings on drug quantity, and establish a drug quantity of 155 kilograms (PSR at ¶ 41).[4] *see United States v. White*, 663 F.3d 1207, 1216 (11th Cir. 2011) (district court may base its findings of fact at sentencing on undisputed statements in the PSR). Even if the sentencing court's failure to expressly make a drug quantity finding requires additional findings under *Hamilton*, I find that Defendant is accountable for 155 kilograms of cocaine, based on ¶ 41 of the PSR, to which he did not object. *United States v. Aguilar–Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) (the failure to object to statements in PSR renders statements undisputed and permits the

---

[4] Paragraph 41 of the PSR discusses Defendant having delivered quantities of 6, 12, 22, 25, 40 and 50 kilograms, a total of 155 kilograms.

sentencing court to rely on them); *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

Defendant's contention that his base offense level should be determined based on his admission that he delivered 126 kilograms is not persuasive. The sentencing court made no such finding, explicitly or implicitly. As noted, the sentencing court adopted the factual statements to which there was no objection and made marginal notes of Defendant's objections. There are no marginal notes adjacent to ¶ 41 of the PSR.

Defendant's base offense level therefore remains 36, based on 150 kilograms or more of cocaine (*see* USSG § 2D1.1(c)(2)(2014). Accordingly, Amendment 782 does not lower his guidelines range. He remains at offense level 37, criminal history category II, and his sentencing range remains 235 - 293 months.

**DONE AND ORDERED** this 15th day of July, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record, U. S. Probation Office